**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SHAWN BEQUETTE, # 11524-025,     )
     )
        **Plaintiff,**     )
     )
     **vs.**     )     **Case No. 15-cv-1408-MJR**
     )
SGT KRAMER,     )
and ROBERT DEWALL,     )
     )
        **Defendants.**     )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court to address Plaintiff's motion to dismiss this action (Doc. 8). Plaintiff wishes to withdraw from the case because he cannot afford to make monthly payments toward the filing fee for this action.

Plaintiff has the right to voluntarily dismiss his case. FED. R. CIV. P. 41(a)(1)(A)(I ). However, he cannot escape the filing fee requirement by doing so.

The claims at issue in this action were originally brought on June 18, 2015, by nine inmates at the Alton City Jail. *Collier, et al., v. Kramer, et al*., Case No. 15-cv-674-SMY (S.D. Ill.). On July 10, 2015, the Court entered an order (Doc. 3 in this action) in which the original plaintiffs were given an opportunity to withdraw from the suit; they were advised that each of them would be obligated to pay a filing fee unless they requested dismissal from the case by August 11, 2015.

Plaintiff was not one of the original co-filers. He sought to join the action by submitting a proposed complaint of his own (Doc. 2-2, signed by him on August 11, 2015) that was virtually identical to the original complaint (Doc. 2). Plaintiff also filed a motion for leave

to proceed *in forma pauperis* (IFP) in the suit (Doc. 4); these documents were received by the Court on August 25, 2015 (*See* docket entries 42 and 33 in Case No. 15-cv-674-SMY).   On December 22, 2015 (Doc. 1 in this action), the Court construed Plaintiff's proposed complaint as a motion for joinder and allowed Plaintiff to join the litigation.   Later in the same order, the Court severed each co-plaintiff's claims into separate cases.

Plaintiff incurred the obligation to pay the filing fee when he submitted his proposed complaint and IFP motion seeking to join this action, and the obligation continues regardless of dismissal of the suit.   *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).   The trust fund officer at Plaintiff's prison will continue to deduct the required payments from Plaintiff's inmate trust fund account even after this case is closed (*See* Doc. 7).   Plaintiff has, nonetheless, requested to voluntary dismiss his case, which he has the right to do.   Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.   Plaintiff's request for a waiver of his filing fee, however, is **DENIED.**

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

Should Plaintiff wish to seek reconsideration of this order, he may file a motion to alter or amend judgment pursuant to Rule 59(e).   Such a motion must be filed within 28 days from the date judgment is entered.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.   FED. R. APP. P. 4(a)(1)(A).   A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).   If Plaintiff does choose to appeal, he will be liable for the

$505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: February 11, 2016**

_s/ Michael J. Reagan_
Chief Judge
United States District Court